HAEFELE v MEIJER, INC

Docket No. 88167. Submitted February 11, 1987, at Grand Rapids. Decided October 8, 1987.

Linda A. Haefele, an employee of Meijer, Inc., suffered severe and disabling injuries in an automobile accident. She received benefits under a private no-fault insurance policy she had purchased. That policy did not contain a coordination of benefits provision. Haefele also sought to obtain benefits under a Meijer, Inc. group health plan which would provide certain medical coverage which is duplicative of the coverage provided by Haefele's no-fault policy. The group health plan contained a coordination of benefits provision. Haefele was denied benefits under the group health plan by Meijer, Inc. or its insurer, Travelers Insurance Company. Haefele filed suit against Travelers in Barry Circuit Court alleging that its denial of benefits was a breach of its contractual obligation to Haefele either directly or as a third-party beneficiary of the group health plan. Travelers answered by asserting that it was not a proper party defendant. Haefele then filed an amended complaint naming both Travelers and Meijer, Inc. as defendants and alleging the same breach of contract claims against each. Neither defendant filed a timely answer to the amended complaint and plaintiff entered defaults against both. A default judgment was subsequently entered against Meijer, Inc. but not against Travelers. Both defendants then filed answers to the amended complaint and moved to set aside the defaults. The motions were granted. Travelers and Meijer, Inc. subsequently filed motions for summary judgment against plaintiff, and plaintiff filed a motion for

REFERENCES

Insurance §§ 291, 1789, 1790.

Am Jur 2d, Judgment § 1177.

Am Jur 2d, Pleading § 333.

Necessity of leave of court to add or drop parties by amended pleading filed before responsive pleading is served, under Rules 15(a) and 21 of Federal Rules of Civil Procedure. 31 ALR Fed 752.

Propriety and apportionment of liability between medical and hospital expense insurers. 25 ALR4th 1022.

Coverage and exclusions under hospital or medical service (Blue Cross-Blue Shield) contracts. 81 ALR2d 927.

partial summary judgment against Meijer, Inc. The court, Hudson E. Deming, J., granted defendants' motions and denied plaintiff's motion. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in setting aside the default judgment against Meijer, Inc. Meijer's reliance upon GCR 1963, 207 in failing to file a timely answer to the amended complaint could be considered excusable neglect, mistake or inadvertence.

2. The fact that the trial court failed to make specific findings on the record does not require reversal of the decision to set aside the default judgment against Meijer, Inc. Specific findings by the trial court are not required by GCR 1963, 520.4. Furthermore, plaintiff abandoned this issue by failing to make any policy argument and failing to cite any authority in support of her position.

3. The affidavit of counsel filed on behalf of Meijer, Inc. stating that Meijer had numerous meritorious defenses was not defective.

4. There was no abuse of discretion on the part of the trial court in setting aside the default against Travelers which would warrant reversal of that decision. Travelers, having filed an answer to the original complaint, was not required to file an answer to the amended complaint.

5. The coordination of benefits provision contained in the group health plan is unambiguously directed toward other group health insurance policies, not individually purchased automobile insurance. The trial court's orders of summary disposition in favor of Meijer, Inc. and Travelers must be reversed.

6. The trial court's order denying plaintiff summary judgment against Meijer on the issue of liability is reversed. On remand, the trial court shall enter summary judgment against Meijer on the issue of liability. The trial court's orders of summary judgment in favor of the defendants are also reversed. The trial court's orders setting aside the default judgment against Meijer and the default against Travelers are affirmed.

Affirmed in part, reversed in part, and remanded.

1. Pleading — Amendment of Pleadings — Joinder of Parties — Failure to Answer — Default — Remedies.

A default judgment entered against a defendant first named in an amended complaint may be set aside on the basis of excusable neglect, mistake, or inadvertence where the default was en-

tered for failure to file an answer to the amended complaint and the defendant relied upon the provision in the General Court Rules that parties may be added or dropped by order of the court and the plaintiff did not obtain an order of the court to file the amended complaint adding the defendant (GCR 1963, 207).

2. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULTS — SPECIFIC FINDINGS — COURT RULES.

The General Court Rule addressing setting aside of defaults does not require specific findings by the trial court (GCR 1963, 520.4).

3. APPEAL — ISSUES — POLICY ARGUMENTS — SUPPORTING CITATIONS.

The failure of a party to make a policy argument or to cite authority in support of its position on an issue will result in a finding that the issue has been abandoned on appeal.

4. PLEADING — AMENDMENT OF PLEADINGS — ANSWERS TO PLEADINGS.

A defendant is not required to file an answer to an amended complaint where it already has on file an answer to the original complaint (GCR 1963, 118.2).

5. INSURANCE — AMBIGUITIES — JUDICIAL CONSTRUCTION.

Any ambiguity in a policy of insurance must be strictly construed against the insurer.

6. INSURANCE — EXCEPTIONS TO LIABILITY — JUDICIAL CONSTRUCTION.

Exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer.

7. INSURANCE — POLICY LANGUAGE — FORCED CONSTRUCTION.

An insurer may not escape liability by taking advantage of a forced construction of the language of a policy.

8. CONTRACTS — CONTRACT LANGUAGE — QUESTION OF LAW.

The meaning of the language used in the provisions of a contract is a question of law where there is no ambiguity involved.

*Blakeslee & Chambers* (by *James A. Christopherson*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *John D. VanderPloeg*), for defendants.

Before: R. M. MAHER, P.J., and SAWYER and R. L. TAHVONEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from orders of the Barry Circuit Court (1) setting aside its previous orders of default judgment allegedly entered against both defendants, (2) denying plaintiff's motion for summary judgment pursuant to GCR 1963, 117.2(3) against defendant Meijer, Inc., and (3) granting both defendants' motions for summary disposition pursuant to MCR 2.116(C)(10). We affirm the trial court's orders setting aside the defaults, reverse the trial court's order denying plaintiff's motion for summary judgment against Meijer, and reverse the trial court's orders granting summary disposition in favor of the defendants.

I

This case arises in part out of an August 1, 1979, automobile accident in which plaintiff allegedly suffered severe and disabling injuries. She subsequently received benefits under a private automobile no-fault insurance policy which she and her husband had purchased. It is undisputed that the automobile policy did *not* contain a coordination of benefits provision.

The instant controversy began when plaintiff additionally sought to obtain benefits under a Meijer, Inc. group health plan. Plaintiff claimed benefits under the plan through her employment with Meijer. It is apparently undisputed that the plan provides certain medical coverage which is duplicative of plaintiff's coverage under her automobile policy. The plan also contains a "coordination of benefits" provision which is central to this

* Circuit judge, sitting on the Court of Appeals by assignment.

dispute. Plaintiff was denied benefits under the plan by one or both of the defendants.

Plaintiff filed her complaint on December 3, 1982, against defendant Travelers Insurance Company alleging that its denial of benefits was a breach of its contractual obligation to plaintiff either directly or as a third-party beneficiary of the group health plan. Travelers answered on February 3, 1983, neither admitting nor denying plaintiff's allegation of a breach of contract, but affirmatively asserting that it was not a proper party defendant. Travelers alleged that, under an "Administrative Services Agreement" between it and Meijer, Inc., all final authority and responsibility for the plan rested with Meijer. Although Travelers' name was prominently displayed on the documents associated with the plan, it alleged that its role was merely that of the "payment and servicing agent of Meijer, Inc."

Plaintiff responded to Travelers' answer with an amended complaint filed fifteen days later, on February 17, 1983. The amended complaint named both Travelers and Meijer as defendants. The same breach of contract claims were alleged against each.

Neither Travelers nor Meijer filed a timely answer to the amended complaint. Therefore, on March 28, 1983, plaintiff entered defaults against both defendants. On May 10, 1983, a default judgment was entered against Meijer. No default judgment was entered against Travelers.

Finally, on June 14, 1983, both defendants filed answers to the amended complaint. On August 15, 1983, both defendants moved to set aside the defaults. The motions were heard and granted by the trial court on September 30, 1983. Discovery proceeded thereafter.

On May 16, 1984, Travelers filed a motion for

summary judgment against plaintiff. On June 1, 1984, plaintiff filed a motion for partial summary judgment against Meijer. Almost one year later, on May 6, 1985, Meijer filed for summary disposition against plaintiff. Due to a disqualification of the trial judge, the motions were not heard until September 4, 1985. As noted *supra,* the trial court granted defendants' summary judgment motions and denied plaintiff's cross motion.

## II

On appeal, plaintiff first argues that the trial court erred by setting aside the default judgment entered against Meijer and the default entered against Travelers. The General Court Rules provide:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in subrule 526.8. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. [GCR 1963, 520.4.]

It is undisputed that personal service was made

on both defendants. Under these circumstances, the operation of Rule 520.4 has been explained as follows:

> If personal service was made and the defendant had actual notice of the pendency of the action, relief from the default judgment must be sought under subrule 528.3. If the ground for relief from default judgment is mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct of the adverse party, the motion to set aside the default judgment shall be made within a reasonable time, and not more than one year after the judgment was entered. Sub-rule 528.3. If the motion to set aside the default judgment is for "any other reason justifying relief from the operation of the judgment," the only time limitation is that it be made within a reasonable time. *Ibid.*
>
> Therefore, notwithstanding the four months' provision of sub-rule 520.4, the actual operation of that provision in combination with subrules 528.2 and 528.3 is this: A motion to set aside a default may be made at any time before judgment is entered thereon; thereafter a motion to set aside the default judgment may be made within a reasonable time, subject to a one year limitation in most cases but not in all. This is substantially the practice under the federal rules. See Barron and Holtzoff, Federal Practice and Procedure, § 1217. However, the four months' limitation should be adhered to whenever possible, inasmuch as any attempt to set aside the default judgment at a later time may be determined an unreasonable delay. [2 Honigman & Hawkins, Michigan Court Rules Annotated, (2d ed), p 661.]

Since both a default and a default judgment were entered by plaintiff against defendant Meijer, the trial court's decision to set aside the default judgment is governed by the requirements of GCR 1963, 528. On the other hand, since only a default

was entered against defendant Travelers, the trial court's decision in this regard is governed by the requirements of GCR 1963, 520.4. We will therefore consider the trial court's order as to each defendant separately.

### A. THE DEFAULT ENTERED AGAINST MEIJER.

The General Court Rules provide that, upon motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for a number of reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect." GCR 1963, 528.3. The relief available under this provision is not limited to instances of mistake or inadvertence by the court. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 182. 3 Martin, Dean & Webster, Michigan Court Rules Practice, p 537. *Grettenberger Pharmacy, Inc v Blue Cross-Blue Shield of Michigan,* 120 Mich App 354, 359; 327 NW2d 476 (1982).

In the trial court, and again on appeal, Meijer has argued that it failed to file an answer because it believed that no answer was required to plaintiff's amended complaint. In support of its position, Meijer cites the General Court Rule on misjoinder and nonjoinder of parties, which provides in pertinent part:

> Parties may be added or dropped *by order of the court* on motion of any party or of its own initiative at any stage of the action and on such terms as are just. [GCR 1963, 207.]

It is undisputed that plaintiff did not obtain an order of the court allowing it to file the amended complaint adding Meijer as a party defendant. However, the General Court Rules also provide:

> A party may amend his pleading once as a matter of course at any time before or within 15 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, he may amend it at any time before or within 15 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party. [GCR 1963, 118.1.]

It is also undisputed that plaintiff's amended complaint adding Meijer as a defendant was filed within fifteen days after Travelers' answer to the original complaint was filed.

The apparent conflict between the two rules was not addressed by the trial court nor has it been fully briefed on appeal. We do note that the issue appears to be one of first impression in Michigan and that federal decisions under the comparable FR Civ P 15(a) and 21 are split. See 6 Wright & Miller, Federal Practice & Procedure, § 1479, pp 400-404. Thus, without resolving the issue, we are inclined to believe that Meijer's reliance upon the apparent effect of GCR 1963, 207 could constitute excusable neglect, mistake or inadvertence. We are certainly unable to find an abuse of discretion on the part of the trial court in so ruling. See *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959) (defining abuse of discretion). We are therefore required to affirm the trial court's ruling setting aside the default judgment. *St Clair Commercial & Savings Bank v Macauley,* 66 Mich App 210, 215; 238 NW2d 806 (1975), lv den 396 Mich 864 (1976).

Apart from the issue of good cause, plaintiff argues that the trial court's decision setting aside the default judgment against Meijer must be reversed because the trial court failed to make spe-

cific findings on the record. We observe that GCR 1963, 520.4 does not require specific findings by the trial court. Cf., GCR 1963, 515.3. We also observe that plaintiff has made no policy argument and cited no authority in support of her position. We therefore hold that plaintiff has abandoned this issue on appeal. *Cramer v Metropolitan Savings Ass'n (Am Op)*, 136 Mich App 387; 357 NW2d 51 (1984).

Finally, plaintiff argues that Meijer's motion to set aside the default judgment was defective under GCR 1963, 520.4 because it failed to contain an affidavit of facts showing that a meritorious defense had been filed. We disagree. The affidavit of counsel filed on behalf of both Meijer and Travelers stated that defendants have numerous meritorious defenses, including: (1) plaintiff's complaint failed to state a claim upon which relief may be granted; (2) plaintiff's claims were barred by the applicable statutes of limitations; and (3) plaintiff's claimed relief had already been provided by the defendants. We believe that the affidavit was in compliance with the General Court Rules and, again, defendant has provided no contrary authority. *Cramer, supra.*

We therefore conclude that the trial court's order setting aside the default judgment entered against defendant Meijer must be affirmed.

## B. THE DEFAULT ENTERED AGAINST TRAVELERS.

As noted *supra*, the trial court's decision to set aside the default entered against defendant Travelers is governed by the requirements of GCR 1963, 520.4, because no judgment on the default was entered by plaintiff. As also noted *supra*, GCR 1963, 520.4 allows the trial court to set aside an entry of default "for good cause shown." We have recently held:

Good cause may be established by a substantial defect in the proceedings, a reasonable excuse for failure to reply, or some other reason showing that a manifest injustice will result. *Daugherty v Michigan (After Remand),* 133 Mich App 593, 597-598; 350 NW2d 291 (1984). [*Poling v Secretary of State,* 142 Mich App 54, 60; 369 NW2d 261 (1985).]

Here the default against Travelers was entered because, according to plaintiff's pleadings, Travelers had failed to plead or defend by filing a timely answer to the amended complaint. See GCR 1963, 520.1. However, as pointed out by Travelers at the hearing on the motion to set aside the default and again on appeal, it was not required by Michigan rules of pleading to file an answer to the amended complaint. GCR 1963, 118.2 provides:

A party shall plead in response to an amended pleading within the time prescribed by subrule 108.3(3). A pleading on file, unless amended, shall stand as a response to an amended pleading.

Defendant Travelers had filed an answer to the original complaint and was therefore entitled to rely upon that answer in response to the amended complaint. It is clear that manifest injustice would have resulted if the default had not been set aside. *Poling, supra.* We therefore find no abuse of discretion on the part of the trial court which would warrant reversal. *A & K Restaurants, Inc v Gjoka,* 118 Mich App 59, 64; 324 NW2d 532 (1982).

III

Plaintiff also challenges the trial court's orders granting summary judgment to the defendants and denying plaintiff's own motion for summary judgment against Meijer. All of these motions were brought under GCR 1963, 117.2(3) or its

successor, MCR 2.116(C)(10). As we have explained previously:

> The appellees' motions for summary judgment on this issue were brought pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). A motion for summary judgment under rule 117.2(3) is designed to test whether there is factual support for a claim. In ruling on this motion, a trial court must consider not only the pleadings, but also depositions, affidavits and other documentary evidence. *Rizzo v Kretschmer,* 389 Mich 363, 373; 207 NW2d 316 (1973). The party opposing the motion must come forward to establish the existence of a material factual dispute. If the nonmoving party fails to establish that a material fact is in issue, the motion is properly granted. *Bob v Holmes,* 78 Mich App 205, 212; 259 NW2d 427 (1977). [*Stenke v Masland Development Co, Inc,* 152 Mich App 562, 573-574; 394 NW2d 418 (1986).]

Plaintiff's complaint alleged a breach of contract by one or both of the defendants through their denial of benefits under the "group health plan" provided to employees of Meijer.[1] Defendants have asserted that the following coordination of benefits provision contained in the plan, and produced in discovery, precludes recovery by the plaintiff:

WHAT HAPPENS IF YOU ARE COVERED UNDER MORE THAN ONE GROUP HEALTH PLAN?

If a person covered under this plan is also covered under another group health plan spon-

---

[1] The facts at bar have been unnecessarily complicated by the reprehensible shell game tactics employed by the defendants in which each, although represented by the same counsel, has denied that it is responsible for refusing benefits to plaintiff. Further unnecessary complications have arisen from defendants' denial that the coordination provision is their only basis for refusing plaintiff's claim, while specifying no other basis. Inasmuch as defendants failed to plead these other defenses, failed to file an answer to plaintiff's motion for summary judgment in the trial court, and failed to assert any other basis for their denial of benefits in pleadings or affidavits, we deem these alleged grounds to have been waived. See GCR 1963, 112.4 and *Swartz v Dow Chemical Co,* 414 Mich 433, 446; 326 NW2d 804 (1982).

sored by another employer or one provided by or through the action of any government including any no-fault basic medical payments all the health benefits on the preceding pages will be co-ordinated to prevent duplicate payment for the expenses.

However, this provision will not apply to any benefits that are payable for a pregnancy. There is a separate Non-Duplication of Benefits provision for pregnancy expenses (see Non-Duplication of Benefits for Pregnancy below).

Plaintiff argues that the coordination provision clearly applies only to coordination with other "group health plans." Alternatively, plaintiff argues that the coordination provision is ambiguous as to whether benefits may be coordinated with privately purchased automobile insurance and therefore must be construed against the defendants. Defendants respond that the more specific language of the coordination provision, allowing coordination with "no-fault basic medical payment," must be deemed controlling over the general language referring to other "group health plans." We agree with plaintiff's contention and therefore must reverse the trial court's orders of summary disposition.

We begin by noting three basic rules of construction for insurance policies.[2] First, any ambiguity in a policy of insurance must be strictly construed against the insurer. *Powers v Detroit Automobile*

[2] The defendants have argued that the rules of construction applicable to insurance policies are inapplicable in this instance because the "group health plan" at issue is not an insurance policy, but a part of a collective bargaining agreement between the employer and employees of Meijer. We find that argument to be frivolous, since there is no reference in the plan to a larger agreement. In any case, defendants have pointed to no factual basis, i.e., affidavits or depositions, indicating that the plan's terms were the subject of labor negotiations.

*Inter-Ins Exchange,* 427 Mich 602, 623-624; 398 NW2d 411 (1986). As the *Powers* Court explained:

> The courts have no patience with attempts by a paid insurer to escape liability by taking advantage of an ambiguity, a hidden meaning, or a forced construction of the language in a policy, when all question might have been avoided by a more generous or plainer use of words. [*Powers, supra,* quoting *Hooper v State Mutual Life Assurance Co,* 318 Mich 384, 393; 28 NW2d 331 (1947).]

Second, and similarly, exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer. *Powers, supra.* Third, an insurer may not escape liability by taking advantage of a forced construction of the language of a policy. *Powers, supra.* Of course, under general contract principles, if there is no ambiguity in the provisions of a contract, the meaning of the language is a question of law. *Moore v Campbell, Wyant & Cannon Foundry,* 142 Mich App 363, 367; 369 NW2d 904 (1985).

Here, the heading preceding the coordination provision reads "WHAT HAPPENS IF YOU ARE COVERED UNDER MORE THAN ONE GROUP HEALTH PLAN?" Thus, coordination is apparently directed only toward other "group health plans." Defendant apprises us of no reason for concluding that the term "group health plans" includes privately purchased automobile insurance policies and we can conceive of none.

We are not unmindful of the rule of construction that general provisions of a contract will yield to specific provisions. 2 Restatement Contracts, 2d, § 203(c), p 93. However, the first phrase of the coordination provision is: "If a person covered under this plan is also covered under another group health plan . . . ." Thus, apart from the

heading, the specific language of the provision appears to limit coordination to other group health plans.

We are also aware that the coordination provision does refer to coordination of any "no-fault basic medical payments." However, that term does not specifically mention privately purchased automobile insurance. Moreover, its meaning is modified by the fact that it follows the phrase "or *one* provided by or through the action of any government including . . . ." "One" clearly refers to "another group health plan." Thus, the ordinary meaning of the term "no-fault basic medical payments" would appear to be payments obtained under a group plan. We are obliged to construe policy terms in accordance with their ordinary meaning, *Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675, 686; 333 NW2d 322 (1983), not forced or technical constructions, *Powers, supra.* Here it is uncontroverted that plaintiff's no-fault automobile insurance was purchased individually.

Applying the aforementioned principles, we conclude that the coordination provision is unambiguously directed toward other group health insurance policies, not privately purchased automobile insurance. Indeed, we would find it anomalous to conclude that plaintiff, who presumably paid a premium for uncoordinated automobile no-fault coverage, ultimately purchased nothing more than a reduction in the liability of her group health carrier.

There is no issue of material fact as to liability. *Moore, supra.* The trial court's order denying plaintiff summary judgment against Meijer on the issue of liability is reversed. *Stenke, supra.*[3] On remand, the trial court shall enter summary judg-

[3] Our review of the record reveals that plaintiff moved for summary judgment only against defendant Meijer, not defendant Travelers.

ment against Meijer on the issue of liability. The trial court's orders of summary judgment in favor of the defendants are also reversed. The trial court's orders setting aside the default judgment against Meijer and the default against Travelers are affirmed.

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Costs to plaintiff.