SMITH v PHYSICIANS HEALTH PLAN, INC

Docket No. 129064. Submitted March 4, 1992, at Lansing. Decided November 2, 1992, at 9:50 A.M. Leave to appeal sought.

John W. Smith, for himself and as next friend of his minor daughter, Michelle Smith, brought an action in the Ingham Circuit Court against Physicians Health Plan, Inc., their group health insurer, seeking reimbursement of medical expenses incurred as a result of Michelle's injury in an automobile accident. Before the action was filed, plaintiff had been reimbursed for the expenses by his no-fault automobile insurer pursuant to a policy that did not provide for coordination of benefits. The defendant, in rejecting the plaintiff's claim, relied on the coordination-of-benefits provision in its policy. The court, Michael G. Harrison, J., granted partial summary disposition for the plaintiff with respect to the issue of liability. The defendant appealed by leave granted.

The Court of Appeals held:

MCL 500.3109a; MSA 24.13109(1), which allows no-fault insurers to offer, at reduced premium rates, personal protection insurance coverage that is coordinated with other health and accident coverage, has as its purposes the elimination of duplicative recovery and the containment or reduction of insurance costs. A double recovery by the plaintiff in this case does not contravene the purposes of § 3109a. The plaintiff paid additional premiums to his no-fault insurer for uncoordinated coverage and the defendant, in requiring the coordination of benefits under its health insurance policy, did not make a corresponding reduction in its premiums.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — HEALTH INSURANCE — COORDINATION OF BENEFITS.

Medical expenses incurred as a result of injury in an automobile accident by a person insured both under a no-fault policy and a

REFERENCES

Am Jur 2d, Automobile Insurance § 368; Damages §§ 566 et seq..

Collateral source rule: Injured person's hospitalization or medical insurance as affecting damages recoverable. 77 ALR3d 415.

health policy are fully reimbursable under each policy, despite a coordination of benefits provision in the health policy, where the no-fault policy does not provide for the coordination of personal protection insurance coverage with other health or accident insurance and the premium charged for the health policy is not reduced to reflect coordination of benefits (MCL 500.3109a; MSA 24.13109[1]).

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas* and *David R. Brake*), for the plaintiff.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Paula R. Latovick* and *Kathleen E. Kane*), for the defendant.

Before: MARILYN KELLY, P.J., and McDONALD and G. S. ALLEN,* JJ.

McDONALD, J. Defendant health insurer, Physician Health Plan, Inc., appeals by leave granted an order granting partial summary disposition in favor of plaintiff John W. Smith with respect to the issue of liability, pursuant to MCR 2.116(C)(10), no genuine issue of material fact. The facts of this case are not in dispute. Defendant does not argue on appeal there was a genuine issue of material fact but rather the trial court erred in finding it liable for loss despite a coordination-of-benefits clause in its policy. We affirm.

On January 31, 1987, plaintiff's minor daughter, Michelle Smith, was injured in an automobile accident. Her medical expenses were reimbursed by plaintiff's uncoordinated no-fault automobile insurance policy provided by State Farm Automobile Insurance Company. She was also covered through plaintiff's employer by a health maintenance organization certificate of coverage issued by

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant. When plaintiff applied to defendant for reimbursement of Michelle's accident-related expenses, defendant invoked its coordination-of-benefits clause as prohibiting the claim.

Following defendant's rejection of the claim, plaintiff filed this action for benefits under the certificate of coverage. Defendant filed a motion for summary disposition for failure to state a claim, arguing the coordination-of-benefits clause barred plaintiff's claim. The trial court denied the motion and subsequently granted plaintiff's motion for partial summary disposition with respect to liability, pursuant to MCR 2.116(C)(10), no genuine issue of material fact. A trial on the issue of damages resulted in a judgment in favor of plaintiff in the amount of $155,897.72.

On appeal, defendant argues the trial court, by failing to give effect to the health insurer's coordination clause, contravened the legislative intent of § 3109a of the no-fault insurance act, which provides:

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household. [MCL 500.3109a; MSA 24.13109(1).]

Defendant argues this section was intended to require no-fault carriers to offer coordinated coverage at a reduced premium so people with existing health coverage need not incur double expense for double coverage and to eliminate duplicative re-

coveries. However, plaintiff opted for *uncoordinated* no-fault benefits and paid a higher premium for such coverage. Plaintiff argues the legislative intent of § 3109a was to give consumers the option to purchase uncoordinated no-fault coverage and he is effectively deprived of his option if defendant is allowed to coordinate benefits, even though he paid·an additional premium for the extra coverage provided by his uncoordinated no-fault policy.

Prior decisions by our courts have found § 3109a to have dual purposes: the elimination of duplicative recovery and the containment or reduction of insurance costs. This was expressed by our Supreme Court when it gave priority to a no-fault coordination provision in a case ·where the insured's medical benefits were coordinated. *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986). The *Federal Kemper* Court, however, expressly limited its decision to situations where an insured has opted for coordinated no-fault benefits. Specifically, the Court noted:

> Our decision today is made in the factual context in which the no-fault insured chose coordinated coverage and the no-fault insurer, accordingly, charged a lower premium rate. We express no view as to what the result would be when the insured does not so elect and the no-fault premium is not correspondingly reduced. We note, however, that at oral argument, plaintiff's counsel admitted that in that situation the no-fault insurer would not be secondary, nor entitled to reimbursement from the health insurer. [*Id.,* 552, n 10.]

The policy of discouraging duplicative recovery is premised on the containment of the cost of insurance. *LeBlanc v State Farm, Automobile Ins Co,* 410 Mich 173, 206; 301 NW2d 775 (1981);

*Federal Kemper, supra; Gibbard v Auto-Owners Ins Co,* 179 Mich App 54; 445 NW2d 182 (1989). Michigan courts have nevertheless recognized that a policyholder may elect uncoordinated benefits, presumably paying a higher premium for such coverage, and thus receive duplicate benefits. *Le-Blanc, supra; Nasser v Auto Club Ins Ass'n,* 169 Mich App 182; 425 NW2d 762 (1988), rev'd on other grounds, 435 Mich 33; 457 NW2d 637 (1990).

Defendant in this instant case was unable to show any specific reduction in premium charged for its coverage corresponding to its attempt to coordinate with uncoordinated no-fault automobile insurance. Specifically, during discovery, defendant admitted it makes no inquiry of its members regarding whether they have no-fault coverage. Thus, defendant has no way of knowing whether its members are covered under coordinated or uncoordinated no-fault insurance policies and thereby cannot adjust its premiums accordingly.

In *Gibbard, supra,* this Court prohibited duplicative recovery under circumstances similar to those presented here. However, as with other cases prohibiting duplicative recovery, *Gibbard* was premised upon the assumption that the coordination-of-benefits clause in the health coverage resulted in the charging of a lower premium.

In this case, where we have clear evidence that the coordination-of-benefits clause in plaintiff's health coverage did not result in a lower premium being paid by plaintiff or his employer, we do not find the legislative scheme embodied in § 3109a is furthered by barring duplicative recovery.

In *Gibbard, supra,* 57, this Court admitted that allowing coordination by a health insurer limits a no-fault insured's choice under § 3109a. Although the record contained no evidence indicating whether plaintiff's employer paid a lower premium

for coordinated benefits, the Court chose to allow coordination. The majority noted that doing so would advance the purposes of § 3109a, because "[p]resumably, plaintiff's employer pays smaller premiums, thus keeping the cost of insurance contained, and duplicative recovery is eliminated." *Id.* See also *Citizens Ins Co v Stiles,* 185 Mich App 140; 460 NW2d 249 (1990). In the present case, we have clear evidence that does not happen when the health insurer does not inquire whether the insured has uncoordinated no-fault benefits.

Defendant urges us to prohibit duplicative recovery when a health insurer coordinates with an uncoordinated no-fault policy. However, defendant fails to convince us that the insured, in turn, receives any benefit from purchasing uncoordinated no-fault coverage. We agree with Judge MURPHY, who argued in his dissent in *Gibbard* that a policyholder who has opted to pay the additional premium for uncoordinated no-fault coverage is entitled to a benefit from that premium:

> If plaintiff had been covered by the less expensive coordinated no-fault benefits option, under the mandate of *Federal Kemper,* her health insurer would have been primarily liable for her medical expenses and her no-fault carriers would have picked up any gaps in the health insurer's coverage. Plaintiff, then, gets absolutely nothing for the additional premium dollars paid to her no-fault insurers. [*Gibbard, supra,* 59; citations omitted.]

The Legislature provided an election to those who own motor vehicles and are required to obtain insurance. MCL 500.3101; MSA 24.13101. While we recognize the purposes of § 3109a include containing both auto insurance costs and health care costs, and eliminating duplicative recovery, where

an insured pays a higher premium, that higher premium commands a corresponding return. We therefore reject defendant's assertion that the no-fault act prohibits duplicative recovery in every instance. A health insurer, through a coordination clause, may not circumvent the insured's right of election by making itself secondarily liable to an uncoordinated no-fault policy without offering the insured a correspondingly lower premium.

Affirmed.