CITIZENS INSURANCE COMPANY OF AMERICA v STILES

Docket No. 114379. Submitted April 10, 1990, at Detroit. Decided June 13, 1990. Leave to appeal applied for.

Heather Stiles, a minor, was injured when the off-road vehicle in which she was a passenger was struck by a motor vehicle insured by Citizens Insurance Company of America. Citizens brought a declaratory judgment action in Oakland Circuit Court, naming Gerald Stiles, conservator of the estate of Heather Stiles, and the Greater Flint HMO as defendants. Various cross-claims, counterclaims and third-party claims were filed, and Hurley Medical Center and Healthplus of Michigan were added as parties. The trial court, Gene Schnelz, J., held that Citizens bore primary responsibility for the medical expenses, that the liability of the Greater Flint HMO and its successor, Blue Care Network, for duplicative coverage was governed by the certificate of coverage in effect prior to the HMO's change of corporate status and that the certificate of coverage then in effect prohibited duplicative recovery. Stiles appealed.

The Court of Appeals *held:*

1. The certificate of coverage which took effect in 1987 upon the change in corporate status governs the question whether the conservator may have a duplicative recovery of the medical expenses.

2. The 1987 certificate of coverage clearly prohibits a duplicative recovery from the HMO except as to benefits made under a member's noncoordinated no-fault policy. Since the primary recovery was not had under the member's no-fault policy but rather under a third party's policy, the exception to the general prohibition against duplicative recovery is not applicable.

Affirmed.

*Philip D. Swann,* for Gerald Stiles.

*Bellamy & Gilchrist, P.C.* (by *Michael S. Cafferty*), for Healthplus of Michigan.

*Teresa Mikan,* for Greater Flint HMO.

Before: HOLBROOK, JR., and McDONALD and JANSEN, JJ.

PER CURIAM. Gerald Stiles, conservator of the estate of Heather Stiles, appeals as of right from a March 24, 1989, order finding plaintiff Citizens Insurance primarily liable for Heather Stiles' medical expenses, and defendants Greater Flint HMO's and Healthplus of Michigan's coordination of benefits clauses preclusive to double recovery for said expenses. We affirm.

Heather Stiles, a minor, was injured when a truck struck the off-road vehicle in which she was a passenger. It is undisputed that Citizens, the no-fault insurer of the truck that struck Heather, bears primary responsibility for payment for her injuries. Greater Flint HMO and Healthplus of Michigan are the health maintenance organizations to which Heather's father and stepmother respectively belong. The issue on appeal is whether, given Citizens' primary liability, duplicative recovery for Heather's expenses may also be had from Greater Flint HMO or Healthplus of Michigan.

In the course of the instant suit, as of January 1, 1987, Greater Flint HMO changed to Blue Care Network. The certificate of coverage also changed. Thus, a dispute arose as to which coverage applied, the certificate in effect in 1986 or the 1987 certificate. On appeal appellant first argues that, even if the 1986 certificate of coverage did not allow duplication, the 1987 certificate of coverage does. Although we believe the trial court erred in ruling the 1986 certificate of coverage applicable to all expenses, including those incurred after the corporate change, Greater Flint HMO now concedes the 1987 certificate is also applicable. However,

Greater Flint HMO contends duplicative recovery is precluded under the new policy. We agree.

Appellant relies on the following language contained in the Blue Care Network certificate:

> Benefits under this Certificate exclude services and treatment for any work related injury to the extent that benefits are paid or payable under any workers' compensation program or other similar program. Where services are provided by Health Plan, Health Plan is assigned the Member's rights to seek reimbursement from the other program or insurer. *Benefits under this Certificate will not be reduced because of the existence or coverage under a Member's non-coordinated no-fault automobile policy.* If the member is covered by a coordinated no-fault automobile policy, the health plan will assume primary liability to provide benefits available under this Certificate in accordance with this Certificate's terms and conditions. [Emphasis added.]

However, as noted by Greater Flint HMO, this language prevents reduction of benefits due to the existence of coverage under a *member's* noncoordinated no-fault automobile policy. The instant case involved a *third party's* noncoordinated no-fault automobile policy, not the member's, Stiles', policy. This limitation on duplicative recovery is indicated in two additional sections of the policy.[1] Thus,

---

[1]

3.01 NONDUPLICATION

Health Plan provides each Member with full health care services within the limits of this Certificate. *Health Plan does not duplicate benefits provided or paid for by another party nor provide a Member with greater benefits than the actual expenses incurred.* Benefits under this Plan will be reduced to the extent that they are available or that reimbursement is payable under any other group certificate, group insurance policy, or other group program covering the Member whether or not a claim is made for the benefits. Benefits will be coordinated, as outlined below, to provide 100% coverage whereever possible

although the language of the 1987 certificate of coverage allows for duplicative recovery where a member's noncoordinated no-fault insurance carrier is primarily liable, such is not the situation in the instant case.

We also reject appellant's claims of invalidity pertaining to the coordination of benefits clauses contained in Healthplus' certificate of coverage and Greater Flint HMO's 1986 certificate of coverage. Appellant's arguments address improper exclusions, not limitations imposed by coordination of benefits clauses. Moreover, we find neither clause ambiguous.

Affirmed.

---

for services covered in whole or in part under either plan *but in no event will benefits be provided which would result in payments in excess of 100% of the total amounts to which providers or Members are entitled.* [Emphasis added.]

3.04 SUBROGATION

A. Subrogation means that Health Plan will have the same right as a Member to recover expenses for treatment of an injury or illness for which another person or organization is legally liable. To the extent Health Plan will be subrogated to the Member's right to recovery against the responsible person or organization, *Health plan will not subrogate against insurers on policies issued to and in the name of the Member.* [Emphasis added.]