Virgil H. CAMP, Plaintiff and Appellant,

v.

DESERET MUTUAL BENEFIT ASSOCI-
ATION, a Utah Corporation, and Bene-
ficial Life Insurance Corporation, a
Utah Corporation, Defendants and Re-
spondents.

No. 15672.

Supreme Court of Utah.

Jan. 9, 1979.

Thomas T. Billings of Parsons, Behle &
Latimer, Salt Lake City, for plaintiff and
appellant.

Dan S. Bushnell, Bruce Findlay, Salt
Lake City, for defendants and respondents.

MAUGHAN, Justice:

This action presents a single issue for our
attention: Whether a specially equipped
van is "medical equipment" under an insur-
ance contract provided by defendants. The
district court granted judgment for defend-
ants on the basis of stipulated facts, and
plaintiff appealed. We affirm the judg-
ment below. Costs to defendants.

In 1976, plaintiff's son Jeff was severely
injured while jumping on a trampoline. As
a result of the accident, Jeff is now an
"incomplete" quadriplegic, meaning that he
has no voluntary control of his legs or torso
and partial control of his arms and shoul-
ders. Jeff was covered by plaintiff's health

insurance issued by defendant Deseret Mutual Benefit Association (hereafter Deseret Mutual) through plaintiff's employer, Beneficial Life Insurance Co.

Upon Jeff's release from the hospital, plaintiff inquired about what special facilities and equipment Jeff would need. The physician, Dr. Escobar, thereafter prescribed the following equipment: a standard wheelchair, an automatic hospital bed, a commode chair, a bath shelf, and a van equipped with hand controls, power steering, power brakes, air conditioning and hydraulic chair lift. Deseret Mutual paid for all of the above items according to the policy except the van, which it denied on the grounds it was not medical equipment. The relevant provisions of the policy read:

TYPE II BENEFITS

Benefits are payable for expenses incurred by you or your dependent resulting from bodily injury or sickness on the basis of 80% of usual, reasonable and customary charges for:

\* \* \* \* \* \*

6. MEDICAL SUPPLIES AND EQUIPMENT—charges for medical supplies and medical equipment prescribed by a physician including oxygen; blood and other fluids to be injected into the circulatory system; artificial limbs and eyes; casts, splints, trusses, braces, orthopedic shoes, crutches, surgical dressings; and rental of special medical equipment recommended by a physician such as a wheelchair, hospital type bed, iron lung or oxygen equipment.

Plaintiff contends the express terms of the policy state only two requirements for coverage to apply, viz., the medical equipment be prescribed by a physician, and it be incurred as a result of bodily injury or sickness. He argues that since the van meets both these requirements, it is covered by the policy. Moreover plaintiff asserts, the equipment is "necessarily" medical equipment because "but for" the accident and Jeff's quadriplegic condition, there would be no need for the specially-equipped van.

Plaintiff's argument is over-simplified. Even though the term "medical equipment" is not defined in the policy, it is not without meaning and limit, as suggested by the examples given in the policy. The term itself suggests equipment primarily used for a medical purpose, as distinguished from equipment in general. We do not believe the term "medical equipment" can be ignored, as plaintiff would have us do, and that the above-quoted language of the policy requires the insurer to pay for anything prescribed by a physician. Rather, the prescription must be for "medical equipment . . . such as a wheelchair, hospital type bed, iron lung or oxygen equipment." In *Savaria v. DiSano*, R.I., 373 A.2d 820 (1977), an injured employee sought workmen's compensation benefits for an electric wheelchair and an elevator. The employee's attending physician recommended the elevator because he felt the employee required "some change of environment if he can get it," and the elevator would provide a safer means of ingress and egress than otherwise available. In affirming the denial of compensation for the elevator, the Rhode Island Supreme Court held:

In short, it is not enough that the means used to relieve the employee from the effects of his injury have been prescribed by his physician; to be chargeable to the employer under the statute, they must be medical in nature as well. *Savaria v. DiSano*, supra, 373 A.2d at 822.

Here, the van was prescribed by Dr. Escobar to enable Jeff to be more independent and for his convenience, not for aiding or relieving his physical condition. In his deposition, Dr. Escobar stated the main function of the van was to provide transportation, enabling Jeff to continue his schooling.

Plaintiff argues that if a wheelchair is medical equipment, a van must also be, since both serve solely as transportation. But a wheelchair, like the other equipment mentioned as examples in the insurance policy, is used exclusively by persons with medical problems; conversely, a van is normally used by persons with no physical dis-

782

ablement. Moreover, the purpose of a wheelchair is to provide a disabled person with a *substitute* for an activity every physically well person can do. A van, however, goes beyond that function. A van, as any automobile, does not provide a substitute for normal ambulation; rather, its purpose is to so *supplement* one's ability to walk, making travel over distances quicker and more convenient. But it does not help in the least to go from the kitchen to the living room, or from the house to the mail box. The van in this case would supplement Jeff's mobility and make travel more convenient, but it nevertheless serves the same purpose that an automobile serves for anyone, and cannot be equated with a wheelchair.

Nor can we say the policy provision quoted above is ambiguous. A term is not necessarily ambiguous simply because one party seeks to endow it with a different meaning from that relied on by the drafter.[1] Referring to the rule that ambiguities in contracts are construed against the drafter, this Court has stated:

> But that rule has no application unless there is some genuine ambiguity or uncertainty in the language upon which reasonable minds may differ as to the meaning. That requirement is not satisfied because a party may get a different meaning by placing a force or strained construction on it in accordance with his interest. The test to be applied is: would the meaning be plain to a person of ordinary intelligence and understanding, viewing the matter fairly and reasonably, in accordance with the usual and natural meaning of the words, and in the light of existing circumstances, including the purpose of the policy. If so, the special rule of construction is obviously unnecessary.[2]

Applying the above test, we believe a van is not "medical equipment" under the terms and intent of the insurance policy, and we therefore agree with the judgment of the district court.

ELLETT, C. J., and CROCKETT, WILKINS and HALL, JJ., concur.

1. *O'Meara v. American States Insurance Co.,* 148 Ind.App. 563, 268 N.E.2d 109.

2. *Auto Leasing Co. v. Central Mutual Insurance,* 7 Utah 2d 336, 325 P.2d 264 (1958).