HOSKING v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 147199. Submitted October 6, 1992, at Marquette. Decided
March 15, 1993, at 9:20 A.M. Leave to appeal sought.

Mark A. Hosking brought an action in the Marquette Circuit
Court against State Farm Mutual Automobile Insurance Com-
pany, seeking a declaration that State Farm must provide him
a lift-equipped, hand-controlled, modified van. The plaintiff,
who was rendered a quadriplegic in an accident, alleged that he
was entitled to the van pursuant to language in a catastrophic
medical expense rider to a policy State Farm issued to him that
provided coverage for "durable medical equipment." The court,
Edward A. Quinnell, J., granted summary disposition for State
Farm, finding that a modified van was not within the coverage
provided by the rider. The plaintiff appealed.

The Court of Appeals *held:*

Although the term "durable medical equipment" is not de-
fined in the policy, it is not meaningless, and suggests equip-
ment primarily used for a medical purpose. The van is needed
for the plaintiff's independence, convenience, and transporta-
tion, rather than for medical purposes. The trial court properly
granted summary disposition for State Farm.

Affirmed.

MARILYN KELLY, J., dissenting, stated that the term "durable
medical equipment" is ambiguous and should be construed in
favor of the insured, and that the van has a medical purpose
similar to a motorized wheelchair.

INSURANCE — WORDS AND PHRASES — DURABLE MEDICAL EQUIPMENT.

The term "durable medical equipment" contained in a cata-
strophic medical expense rider of a health insurance policy
suggests equipment primarily used for a medical purpose; the
term does not encompass a lift-equipped, hand-controlled, modi-
fied van for an insured person who was rendered a quadriplegic

REFERENCES

Am Jur 2d, Insurance §§ 277-291.

What services, equipment, or supplies are "medically necessary" for
purposes of coverage under medical insurance. 75 ALR4th 763.

in an accident where the van is needed for the insured's independence, convenience, and transportation, rather than for medical purposes.

*Bridges & Houghton* (by *E. Nickolas Bridges* and *Dean A. Antilla*), for the plaintiff.

*Wietek, Summers & Pence, P.C.* (by *Michael G. Summers*), for the defendant.

Before: CONNOR, P.J., and BRENNAN and MARILYN KELLY, JJ.

BRENNAN, J. Plaintiff appeals as of right from a November 18, 1991, order granting summary disposition to defendant and dismissing plaintiff's suit. We affirm.

Plaintiff was rendered a quadriplegic as a result of a diving accident. He filed an action for declaratory judgment and relief against defendant, his insurer, claiming that he was entitled to a lift-equipped, hand-controlled, modified van from defendant pursuant to a catastrophic medical expense rider that provided coverage for "durable medical equipment." Defendant subsequently moved for summary disposition under MCR 2.116(C)(10), claiming, in part, that a modified van was not "durable medical equipment." The court granted summary disposition to defendant, finding that the provision was not ambiguous and that a modified van was not within the coverage provided by the rider.

On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendant and that he is entitled to a modified van under the ambiguous policy language providing coverage for "durable medical equipment." If a term is not defined in an insurance policy, it is given its ordinary and plain meaning, avoiding a

technical or strained construction. *Wielinga v American Way Life Ins Co,* 189 Mich App 359, 362; 473 NW2d 730 (1991). Any ambiguity in an insurance contract will be construed against the insurer, in favor of coverage. *Id.* The provision in issue provides, in pertinent part:

CATASTROPHIC MEDICAL EXPENSE RIDER

\* \* \*

Covered Medical Expenses means reasonable and customary charges incurred as a result of Injury or Sickness of a Covered Person for the following health care services and supplies to the extent they are necessary to the care and treatment of such Covered Person and prescribed by a Physician:

\* \* \*

10. rental or purchase, as appropriate, of *durable medical equipment* other than eyeglasses and hearing aids. [Emphasis added.][1]

The term "durable medical equipment" is not defined in the policy. Further, we have found no case law interpreting the phrase "durable medical equipment." In support of his argument, plaintiff relies on no-fault and workers' compensation cases. However, as the trial court pointed out, these cases are not helpful because the statutory benefits under the workers' compensation law and no-fault law are different from and much broader than the contractual benefits provided in the defendant's policy. See, for example, MCL 418.315(1); MSA 17.237(315)(1); MCL 418.319; MSA 17.237 (319); MCL 500.3107; MSA 24.13107. The contractual benefits in the instant case are much more limited. Nevertheless, we note that other jurisdictions

---

[1] We note that the rider also covers "transportation provided by licensed ambulance service to the nearest facility qualified to treat the Injury or Sickness."

have interpreted similar language. In *Camp v Deseret Mutual Benefit Ass'n,* 589 P2d 780 (Utah, 1979), the plaintiff's son was rendered a quadriplegic as a result of a trampoline injury. The plaintiff asserted that he was entitled to a modified van from his insurance company pursuant to language in the insurance policy that provided coverage for "medical supplies and medical equipment prescribed by a physician." The court found that the policy provision was not ambiguous, stating that simply because one party seeks to endow it with a different meaning from that relied on by the drafter does not make the term ambiguous. The court rejected the plaintiff's argument that a modified van was covered under the policy.

> Even though the term "medical equipment" is not defined in the policy, it is not without meaning and limit, as suggested by the examples given in the policy. The term itself suggests equipment primarily used for a medical purpose, as distinguished from equipment in general. We do not believe the term "medical equipment" can be ignored, as plaintiff would have us do, and that the above-quoted language of the policy requires the insurer to pay for anything prescribed by a physician. Rather, the prescription must be for "medical equipment . . . such as a wheelchair, hospital type bed, iron lung or oxygen equipment."
>
> * * *
>
> Here, the van was prescribed by Dr. Escobar to enable Jeff to be more independent and for his convenience, not for aiding or relieving his physical condition. In his deposition, Dr. Escobar stated the main function of the van was to provide transportation, enabling Jeff to continue his schooling. [*Id.,* p 781.]

Further, in *Galindo v Guarantee Trust Life Ins Co,* 91 Ill App 3d 61; 414 NE2d 265 (1980), the

plaintiff was rendered a quadriplegic as a result of a football accident. He argued that he was entitled to a specially equipped van that was certified as necessary by his attending physician because the accident medical expense provision of the insurance policy provided coverage for "mechanical aids" and "rehabilitation expenses certified as necessary by the attending physician or surgeon." After examining the policy, the court denied the plaintiff's claim. The court stated, in part, that the plaintiff overlooked the phrase "medical care for service" [sic] in the provision, the examples in the policy, and the caption "Accident Medical Expense Insurance." The court then cited *Camp,* stating that the van in question served to provide transportation rather than to aid or relieve the plaintiff's physical condition.

As in *Camp,* although the term "durable medical equipment" is not defined in the policy, it is not rendered meaningless, and suggests equipment primarily used for a medical purpose. In the case at bar, plaintiff testified that the van would be used essentially for work and school. Therefore, it appears that the van is needed for plaintiff's independence, convenience, and transportation, as in *Camp* and *Galindo,* rather than for medical purposes. Plaintiff argues that because a motorized wheelchair would be considered durable medical equipment under the policy, so should a modified van. The court in *Camp* specifically rejected this argument.

> Plaintiff argues that if a wheelchair is medical equipment, a van must also be, since both serve solely as transportation. But a wheelchair, like the other equipment mentioned as examples in the insurance policy, is used exclusively by persons with medical problems; conversely, a van is normally used by persons with no physical disable-

ment. Moreover, the purpose of a wheelchair is to provide a disabled person with a *substitute* for an activity every physically well person can do. A van, however, goes beyond that function. A van, as any automobile, does not provide a substitute for normal ambulation; rather, its purpose is to so *supplement* one's ability to walk, making travel over distances quicker and more convenient. [589 P2d 781-782. Emphasis in original.]

Plaintiff argues that the reasoning in *Camp* was faulty. Plaintiff argues that although vans are normally used by persons with no physical disablement, modified vans, like wheelchairs, are used exclusively by persons with medical problems. We disagree. Using this logic, defendant would be obligated to provide modified houses and the like. Moreover, we note that the allegedly faulty reasoning is not the sole basis for the court to distinguish modified vans from wheelchairs. Accordingly, we find that the trial court did not err in finding that plaintiff is not entitled to a modified van under the language providing coverage for "durable medical equipment" and in granting summary disposition to defendant.

Affirmed.

CONNOR, P.J., concurred.

MARILYN KELLY, J. *(dissenting)*. I respectfully dissent. In this case the majority has chosen to construe the ambiguous contract term in favor of the party, the insurance company, which was solely responsible for selecting it. The majority engages in this construction despite the fact that the company chose not to define its term. While conceding that other equipment, such as a motorized wheelchair, is "durable medical equipment," the majority finds that a lift-equipped, hand-controlled, modified van is not. I cannot agree.

I believe that the van in this case has a medical purpose. It is similar to that of a motorized wheelchair. Both are intended for "independence, convenience and transportation." However, both also serve a medical purpose.

Also, it does not follow that, as the majority conjectures, the cost of a modified home would have to be construed as "durable medical equipment," merely because a van is. The van, or at least the modifications made to it to accommodate plaintiff's medical condition, is surely equipment, whereas modifications to a home may not be. Had defendant wished to restrict the medical equipment it would cover under "durable medical equipment," it was incumbent on it to do so in its policy. This Court should not condone arbitrary distinctions made or communicated to the insured only after a claim has been filed.