LEJA v HEALTH ALLIANCE PLAN

Docket No. 153516. Submitted August 5, 1993, at Detroit. Decided December 6, 1993, at 9:05 A.M.

David Leja, as personal representative of the estate of Kenneth Leja, deceased, brought an action in the Wayne Circuit Court against Health Alliance Plan, seeking a determination whether the defendant was entitled to seek reimbursement of no-fault benefits paid to the plaintiff for medical expenses incurred by the deceased before his death from injuries received in an automobile accident for which the defendant also had presented payment. The court, Louis F. Simmons, Jr., J., granted summary disposition for the defendant, holding that the health insurance policy issued by the defendant clearly and unambiguously provided that the benefits payable under it were secondary to any benefits payable under any other coverage, that the policy assigned to the defendant the insured's right to seek reimbursement against any liable no-fault insurer, and that the defendant was entitled to reimbursement of the no-fault medical payments paid by the no-fault insurer of the automobile involved in the accident because the no-fault policy contained no provision for coordination of benefits. The plaintiff appealed.

The Court of Appeals *held:*

1. The health insurance policy clearly provides the defendant with the right to seek reimbursement of any medical benefits paid to the insured by a no-fault insurer to the extent that it has paid the same benefits.

2. By statute, MCL 500.3610a; MSA 24.13610(1), a group disability insurer such as the defendant has the right to coordinate its benefits with benefits payable under a no-fault insurance policy that cover the same medical loss. Accordingly, because the no-fault insurance policy had no provision for

REFERENCES

Am Jur 2d, Insurance §§ 1781, 1788, 1790.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

Priority and apportionment of liability between medical and hospital expense insurers. 25 ALR4th 1022.

coordination of benefits, the trial court's granting of summary disposition for the defendant was proper.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — HEALTH INSURANCE — COORDINATION OF BENEFITS.

A group disability insurer may coordinate its medical benefits with those payable under an automobile no-fault insurance policy even if there is no provision for coordination of benefits in the no-fault policy (MCL 500.3610a; MSA 24.13610[1]).

*Cummings, McClorey, Davis & Acho, P.C.* (by *Robert L. Blamer* and *Gail P. Massad*), for the plaintiff.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Linda M. Foster* and *Christopher M. Murray*), for the defendant.

Before: BRENNAN, P.J., and CORRIGAN and R. C. ANDERSON,* JJ.

BRENNAN, P.J. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant. We affirm.

The underlying facts of this case are not in dispute. On February 17, 1990, Kenneth Leja was involved as a pedestrian in an automobile accident and was severely injured. Leja was immediately hospitalized. Nine days later, while still in the hospital, Leja died from the injuries sustained in the accident. At the time of the accident, Leja was covered both by an automobile no-fault insurance policy issued by State Farm Insurance Company and by a health insurance policy issued by defendant. Following Leja's death, both defendant and State Farm presented payment for all medical expenses incurred by Kenneth Leja while in the hospital.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

An action subsequently was initiated by plaintiff against defendant for the purpose of determining the rights, if any, of defendant to the proceeds paid by the no-fault insurer to plaintiff. On May 21, 1992, following a hearing, the trial court issued an opinion and order granting summary disposition in favor of defendant, finding that the plain terms of defendant's policy provided it with a right to whatever proceeds plaintiff might collect for medical expenses for which defendant also had paid.

On appeal, plaintiff asserts that the trial court erred in granting summary disposition in favor of defendant and that he is entitled to any proceeds that he collects for the decedent's medical expenses. When interpreting an insurance contract, the contract language must be given its ordinary and plain meaning, not a technical or strained construction. *Hosking v State Farm Mutual Automobile Ins Co,* 198 Mich App 632, 633-634; 499 NW2d 436 (1993); *Whitaker v Citizens Ins Co of America,* 190 Mich App 436, 439; 476 NW2d 161 (1991). The terms of an insurance contract must be enforced as written. *Upjohn Co v New Hampshire Ins Co,* 438 Mich 197, 207; 476 NW2d 392 (1991). Any ambiguity in an insurance contract will be construed against the insurer. *Group Ins Co of Michigan v Czopek,* 440 Mich 590, 595; 489 NW2d 444 (1992); *Hosking, supra* at 634. An insurance contract is unambiguous if it fairly admits of only one interpretation. *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143, 151; 492 NW2d 500 (1992).

In this case, the decedent's no-fault insurance policy specifically provided for noncoordinated no-fault benefits. Decedent's health insurance policy, however, provided for coordination of benefits. Sec-

tion X of decedent's health insurance policy states in pertinent part:

> B. Coordination of Benefits
>
> To determine the benefits available under this provision, the following applies:
>
> 1. The benefits of a plan which does not have a coordination of benefits provision shall in all cases be determined before the benefits of this Contract. Health Alliance Plan's benefits and the benefits payable under the other plan shall not exceed the total of the actual, reasonable expenses.
>
> \* \* \*
>
> 4. Benefits provided for services related to any automobile-related injury to the extent there is coverage under any no-fault automobile policy shall be billed to the responsible carrier or program. Where services are provided, Health Alliance Plan is assigned the Member's rights to seek reimbursement.

Defendant's health policy clearly states that benefits provided for services related to any automobile-related injury "to the extent there is coverage under any no-fault automobile policy" will be billed to the responsible carrier. The policy provides further that where services are provided, it "is assigned the Member's rights to seek reimbursement." We find that this language is plain and unambiguous, admitting of only one interpretation. Therefore, we interpret the language as written and conclude that the trial court did not err in granting defendant's motion for summary disposition and holding that defendant had a right to whatever proceeds that plaintiff might collect that reimburse him for medical expenses paid by defendant.

Citing this Court's decision in *Smith v Physician's Health Plan, Inc,* 196 Mich App 617; 493

NW2d 480 (1992), plaintiff argues that defendant's coordination of benefits provision is unenforceable because it is violative of public policy. We disagree with this argument in light of an earlier decision reached by this Court in *Albright v Butterworth HMO,* 196 Mich App 283; 492 NW2d 457 (1992). In *Albright,* a panel of this Court found that a group disability insurer, such as defendant, has the right, pursuant to MCL 500.3610a; MSA 24.13610(1),[1] to coordinate its benefits with automobile medical insurance covering the same loss.

> Consequently, we believe the trial court correctly granted summary disposition in this case under the authority of MCL 500.3610a; MSA 24.13610(1), which allows defendant to coordinate its payment of benefits with no-fault insurance. Plaintiffs' decision not to coordinate benefits under their no-fault policy made the no-fault insurer primary. See *Gibbard v Auto-Owners Ins Co,* 179 Mich App 54, 57; 445 NW2d 182 (1989). [196 Mich App 289.]

Because we are compelled to follow *Albright* by Administrative Order No. 1990-6, as extended by Administrative Order No. 1991-11, as extended by Administrative Order No. 1992-8, we affirm the trial court's decision to grant defendant's motion

---

[1]

(1) A group disability insurance policy may contain provisions for the coordination of benefits otherwise payable under the policy with benefits payable for the same loss under other group insurance; automobile medical payments insurance; or coverage provided on a group basis by hospital, medical, or dental service organizations, by union welfare plans, or employee or employer benefit organizations.

(2) If a group disability insurance policy contains a coordination of benefits provision, the benefits shall be payable pursuant to the coordination of benefits act.

for summary disposition. This disposition renders
it unnecessary for this Court to discuss plaintiff's
other claims on appeal.

Affirmed.