**Donald J. BROOKE, Plaintiff,**

v.

**HOME LIFE INSURANCE CO., Defendant.**

**Civ. No. 2:92CV00730(AHN).**

United States District Court, District of Connecticut.

Sept. 19, 1994.

John C. Fitzgerald, Jr., Margaret Rose Fogerty, Cranmore, Fitzgerald & Meaney, Hartford, CT, for plaintiff.

Lewis K. Wise, Rogin, Nassau, Caplan, Lassman & Hirtle, Hartford, CT, for defendant.

NEVAS, District Judge.

After review and absent objection, the Magistrate Judge's Recommended Ruling is approved, adopted & ratified.

SO ORDERED.

### RECOMMENDED RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

MARTINEZ, United States Magistrate Judge.

This action involves the claim of the plaintiff Donald J. Brooke for payment of benefits under a group life and health insurance policy furnished through his employer. The plaintiff's claim arises under and is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* The parties have cross-moved for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth below, the court recommends that the defendant's motion be granted and the plaintiff's motion be denied.

### BACKGROUND

The plaintiff, an attorney, is a beneficiary under a group health insurance policy issued by the defendant Home Life Insurance Company ("Home Life") to the plaintiff's law firm. In about 1986, the plaintiff was diagnosed as suffering from muscular dystrophy, a degenerative illness characterized by progressive weakening and wasting of muscles. Since 1989, the plaintiff has been unable to walk and confined to a wheelchair. His disease is one that usually is steadily and slowly progressive, but a rapid increase in weakness can occur during long periods of physical inactivity. To prevent any such deteriora-

tion, the plaintiff has been advised to exercise in frequent sessions of short duration and to keep mentally stimulated.

According to the plaintiff's physician, the plaintiff is making his best effort to maintain an active, independent lifestyle. He moved his office to his home in 1988 and maintains a part-time practice. He installed an exercise room in the basement family room of his home. The exercise area includes a small (about 10 feet in diameter) round pool where he does therapeutic exercise.

Since the onset of the plaintiff's illness, he has received extensive medical care that has been covered by the policy. Home Life has paid the cost of two wheelchairs and two devices known as "one steps" which allow a wheelchair to ride onto a platform that hydraulically lifts the chair up or down one or two steps in the plaintiff's home. Home Life has informed the plaintiff that as long as the policy requirements are satisfied it will cover a claim for the costs associated with physical therapy received outside the home, including the cost of transportation. Home life has also stated that the plaintiff "might be eligible for a part-time home health care aide who could assist him with his home exercise routine."

At issue in this lawsuit is the defendant's refusal to pay the plaintiff's claims for the cost of (1) an in-home elevator known as an "elevette" which would allow the plaintiff independent access to the basement family room where he conducts his daily exercise routines;[1] (2) hand controls for his automobile which would allow him to drive his car; (3) a van with a wheelchair lift which would allow him to transfer from his wheelchair to the driver's seat in a regular automobile without assistance; and (4) automatic door openers which would allow him to open doors

from his wheelchair without assistance.[2] Home Life maintains that the equipment does not come within the scope of the policy's coverage because it is not durable medical equipment that is essential for the plaintiff's care and treatment but is sought mainly for the plaintiff's ease and convenience.

## STANDARD

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). A court must grant summary judgment " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact....' " *Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) (citation omitted). A dispute regarding a material fact is genuine " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510), *cert. denied*, —— U.S. ——, 113 S.Ct. 440, 121 L.Ed.2d 359 (1990)). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a

---

1. The plaintiff claims that there is no functional difference between an elevette and a one-step, which are both lifting devices, and that the defendant acted arbitrarily by allowing the claim for the one-steps but denying the claim for the elevette. Home Life explains that the allowance of the claim for the one-steps was an erroneous one based on a misunderstanding that a one step is a piece of durable medical equipment that attaches to a wheelchair and did not involve any modifications to the plaintiff's home.

2. The plaintiff made the claim for the elevette before making the claim for the hand controls, van and automatic door openers. When Home Life denied the plaintiff's claim for the elevette which would allow him independent access to the basement exercise area, it pointed out that physical therapy outside the home would be a covered expense under the policy. The plaintiff then made the claims for the hand controls, van and automatic door openers, arguing that they were necessary for him to travel to outside therapy.

reasonable jury would decide." *Aldrich*, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). *See also Suburban Propane v. Procter Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992).

This burden does not shift when cross-motions for summary judgment are before the court. Each motion must be judged on its own merits. *Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 314 (2d Cir.1981). The mere fact that both parties insist that no material issues of fact exist "does not establish that a trial is unnecessary...." 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2720, at 17 (2d ed. 1983).

## DISCUSSION

■■■ This case must be decided under a *de novo* standard of review, *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989) following the developing body of federal common law pertaining to rights and obligations under ERISA-regulated plans. *Masella v. Blue Cross & Blue Shield of Conn., Inc.*, 936 F.2d 98, 107 (2d Cir.1991). The federal common law governing ERISA embodies common-sense cannons of contract interpretation. *Fischman v. Blue Cross & Blue Shield of Conn., Inc.*, 775 F.Supp. 513, 515 (D.Conn.1991). Thus, straight-forward language in an ERISA policy must be given its natural meaning. *Id.*

■■■ With these principles in mind, the court must turn to the two policy provisions that the parties agree are controlling. The first is the "medical care" provision. The policy provides that an expense will be covered as long as it is for the necessary "medical care" of an insured. "Medical care" is defined as:

> necessary services, supplies, diagnosis, treatment, drugs and medicines provided for the care or treatment of an injury or sickness. A service, supply, diagnosis,

treatment, drug or medicine is necessary if it is recognized by the organization which establishes standards [3] for the provider as being appropriate, effective and essential for the care and treatment of the ... sickness[.]

Group Insurance Certification ("Policy") at 24. Explicitly excluded from coverage because they are "not ... considered necessary" are expenses for medical care which is "provided mainly for the personal comfort or convenience of the insured." *Id.*

The second pertinent provision is in the major medical portion of the policy. It states that coverage will be provided for the cost of:

> rental or purchase (at [the defendant's] option) of hospital bed, wheelchair, iron lung or similar durable medical equipment which is: (a) used solely by the insured for the treatment of his or her injury or sickness; and (b) generally not useful to a person who is not injured or sick.

*Id.* at 47.

According to the plain language of the policy, then, the elevette, hand controls, van and automatic door openers are covered only if they are (1) necessary for the care and treatment of muscular dystrophy and not used mainly for the plaintiff's comfort and convenience or (2) durable medical equipment—similar to an iron lung or wheelchair—which would be used solely by the plaintiff for treatment of his sickness and generally is not useful to a person who is not sick.

The policy language is not ambiguous, obscure or uncertain. Its meaning is readily understandable. When the policy is interpreted according to the plain meaning of the words used, it is clear that the four pieces of equipment are neither essential to treat the plaintiff's sickness nor properly characterized as "medical equipment". Rather, the equipment is sought so the plaintiff can have more ready access to his home and outside physical therapy sessions.

While physical therapy is essential in the treatment of the plaintiff's illness, that neces-

---

**3.** Neither of the parties mention that there are any provider standards applicable here.

sity does not transform the equipment into something which can itself be used to treat his illness. By the plaintiff's own admission, his aim in seeking the equipment is to lessen his dependence on others. While the plaintiff's goal is understandable, it is not one that is covered by his insurance policy.

■ The court is not persuaded by the plaintiff's argument that there is no difference between a wheelchair, which is covered by the policy, and a van since both provide transport. Rather, the court agrees with the reasoning of the court in *Camp v. Deseret Mut. Benefit Ass'n.*, 589 P.2d 780, 782 (Utah 1979) which rejected this argument. In *Camp*, the court distinguished a wheelchair, which is used exclusively by a disabled person as a substitute for an activity that a non-disabled person can do, from a van which is used by persons with no physical disability to supplement their ability to walk and make travel over distances more convenient and quicker.

■ Moreover, even though the term "medical equipment" is not defined in the policy, it is limited by the examples of covered medical equipment which the policy cites. The policy requires that the equipment be for a medical purpose—like an iron lung—as distinguished from equipment in its general sense. It would require a strained reading of the policy to construe the term "durable medical equipment" to include the pieces of equipment which the plaintiff seeks.

As the defendant points out, under the terms of the policy, the plaintiff has two other options by which he could receive therapy. The plaintiff could receive therapy outside his home and the policy would pay for the therapy and the reasonable cost of his transportation. Alternatively, if the plaintiff chose to have therapy in his home gym, the plaintiff might be eligible for a part-time home health care worker who could assist him with his exercise routine.

In sum, the elevette, the van, the hand controls and the automatic door openers are neither necessary for the plaintiff's medical care nor durable medical equipment within the meaning of the policy.

## CONCLUSION

The court recommends that the defendant's motion for summary judgment (Docket # 25) be granted and the plaintiff's motion for summary judgment (Docket # 18) be denied.

*See* 28 U.S.C. § 636(b) **(written objections to ruling must be filed within ten days after service of same);** F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992) **(failure to file timely objection to Magistrate Judge's recommended ruling waives any further judicial review of the ruling).**

Dated at Bridgeport, Connecticut, this 25th day of August, 1994.